KINKLE LAW PLLC
26 CAMP CREEK ROAD
BELL TOWER
GERMANTOWN, NEW YORK 12526

KINKLELAW.COM

June 16, 2026

**By ECF**
Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: *Carnes v. Town of Rockland et al.*, Docket No. 7:26-CV-01619 (PMH)**

Your Honor:

I represent plaintiff in the above-referenced action and write in opposition to the pre-motion letter of defendants Trout Town Properties 48 LLC and Daniel Sferrazza (together, "Building Owner") (ECF No. 35) seeking leave to move to dismiss the Second Amended Complaint ("SAC") under Rules 12(b)(1) and 12(b)(6). Building Owner's anticipated motion would be futile. Plaintiff respectfully requests that the Court deny leave to file it or, in the alternative, set a briefing schedule.

Building Owner's letter raises two merits arguments: (i) that the Mural is not a "work of visual art" within the meaning of the Visual Artists Rights Act ("VARA"); and (ii) that it is not a work of "recognized stature." The letter also recasts the first as a purported defect in subject-matter jurisdiction. These arguments have no merit.

## I. Plaintiff Has Plausibly Alleged that the Mural Is Covered by VARA.

Building Owner's letter misidentifies the pleaded work of art. The SAC does not allege that the artwork is the phrase "to unperson" in the abstract. Instead, the SAC alleges that the artwork is a large mural painted on a wall consisting of the phrase "time to unperson" in large white letters on a black background (the "Mural"), and that it was created as part of Plaintiff's

Miniluv art project. SAC ¶¶ 3, 37, 41, 123. The colors, paint type, typeface and size, as well as the full phrase "time to unperson" itself, were all aesthetic and conceptual choices made by the artist in creating and installing the Mural. The phrase "to unperson" is just one element of the artwork, not the entire artwork.

As the Mural was painted on the wall, it is a painting covered by VARA. 17 U.S.C. § 101. "VARA's legislative history suggests that Congress viewed murals as a subset of paintings. *See* H.R. Rep 101–514, 101st Cong., reprinted at 1990 U.S.C.C.A.N. 6915, 6921 ('[T]he term 'painting' includes murals, works created on canvas, and the like')." *Pollara v. Seymour*, 344 F.3d 265, 270 n.3 (2d Cir. 2003); *see also Kerson v. Vermont L. Sch., Inc.*, 79 F.4th 257, 264 (2d Cir. 2023) ("There is no dispute that the Murals are a 'work of visual art' and thus qualify for protection under VARA"). That VARA is limited to enumerated categories is therefore beside the point: the Mural falls within one of these categories.

VARA contains no exception for text-based murals, and Building Owner cites no case holding that a painting loses protection because text is a central visual element. That is unsurprising, as text is a familiar element of contemporary visual art, including works exhibited in major galleries, museums, and in public-art contexts. Indeed, many of the artworks at issue in perhaps the most prominent modern VARA case were text-based aerosol works painted on a building's outer walls. *See Castillo v. G&M Realty L.P.*, 950 F.3d 155 (2d Cir. 2020), as amended (Feb. 21, 2020).

Finally, Building Owner contends that because the SAC purportedly fails to identify a work of art, the Court "lacks jurisdiction" under Rule 12(b)(1). Building Owner inverts settled law. The SAC invokes federal-question jurisdiction under 28 U.S.C. § 1331 (SAC ¶ 19), and Plaintiff's VARA claim arises directly under the Copyright Act, 17 U.S.C. § 106A. Whether the Mural

qualifies as a "work of visual art" or is of "recognized stature" goes to the merits of the VARA claim, not to the Court's power to hear it. Building Owner's own framing—that the SAC "fails to State a Claim … and as a result the Court lacks Subject Matter Jurisdiction"—confirms the error: a Rule 12(b)(6) argument is not a jurisdictional argument. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (observing that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination").

## II. Plaintiff Has Adequately Alleged the Mural Is a Work of Recognized Stature.

The SAC pleads recognized stature in detail. The Second Circuit has held that a work is of "recognized stature" when it is "one of high quality, status, or caliber that has been acknowledged as such by a relevant community," with artistic quality generally the most important component. *Castillo.*, 950 F.3d at 166. That inquiry is inherently fact-intensive and ordinarily unsuited to resolution on the pleadings. *See Carter v. Helmsley-Spear, Inc.*, 861 F. Supp. 303, 324–25 (S.D.N.Y. 1994). "[F]or a work of visual art to be protected under this Section, a plaintiff must make a two-tiered showing: (1) that the visual art in question has 'stature,' *i.e.* is viewed as meritorious, and (2) that this stature is 'recognized' by art experts, other members of the artistic community, or by some cross-section of society. In making this showing, plaintiffs generally, but not inevitably, will need to call expert witnesses to testify before the trier of fact." *Id.* at 325. As whether an artwork is of recognized stature "generally depends upon the testimony of experts," other courts have found that "it is premature to require a plaintiff to do more than plead that his works of art are of recognized stature." *Holbrook v. City of Pittsburgh*, No. CV 18-539, 2019 WL 4409694, at *4 (W.D. Pa. Sept. 16, 2019).

Here, the SAC pleads recognized stature in detail. It identifies recognition of the Mural by named professional artists (DJ Spooky, Derick Melander, and G.H. Hovagimyan), a cultural journalist (Carlo McCormick), and art institutions (the Delaware Valley Art Alliance and Catskill Art Space), as well as sustained coverage of the Mural in the local and regional press. *See, e.g.*, SAC ¶¶ 96–101, 120–122, 235. Whether the Mural ultimately satisfies the standard is a fact-intensive question for discovery and expert proof. The allegations in the SAC are more than enough at the pleading stage.

Furthermore, even if the Court credits Building Owner's recognized-stature argument, the anticipated motion would still not dismiss Count IV. VARA confers two distinct rights. Section 106A(a)(3)(B) protects against the destruction of a work of "recognized stature." Section 106A(a)(3)(A) separately protects the author's right to prevent "any intentional distortion, mutilation, or modification" of a work of visual art that would be prejudicial to his honor or reputation—and it contains no recognized-stature requirement. The SAC pleads the (a)(3)(A) claim in the alternative. SAC ¶ 237. Building Owner's letter does not address the (a)(3)(A) claim.

* * *

For these reasons, the SAC states a viable VARA claim, the anticipated motion would be futile, and the Court should deny Building Owner leave to move to dismiss. In the alternative, Plaintiff respectfully requests that the Court set a briefing schedule. Plaintiff reserves all arguments.

Respectfully,

Jeff Kinkle
jeff@kinklelaw.com
646-867-2271

CC: All Counsel of Record (via ECF)