McGUI[obscured]

Michael F. [obscured]
(845) [obscured]
INFO@McC[obscured]

Application granted. Defendants' requested relief will be addressed at the telephone pre-motion conference previously scheduled for June 29, 2026 at 11:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 35.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
June 16, 2026

HON. PHILLIP M. HALPERN, USDJ
United States District Court, SDNY
Hon Charles L. Brieant Jr Federal Building
300 Quarropas Street
White Plains, N.Y. 10601

RE: Carnes v. Town of Rockland et
7:26-cv-01679-PMH (SDNY)

Dear Judge Halpern

Attached hereto please find my letter motion submitted on behalf of defendants Trout Town Properties 48 LLC and Daniel Sferrazza pursuant to your Honor's Individual Practive Rules 4(C)(iii) and 2(c). I note that in response to a similar application brought on behalf of defendant Town of Rockland the Court has set the matter for a phone conference on June 29, 2026, at 11:30 AM. If the Court is inclined to grant the attached Letter Motion we would ask that the conference be scheduled simultaneously with the other conference.

Thank you in advance for your attention to this matter, if you have any questions, concerns or comments please feel free to contact me.

Very Truly Yours,

MICHAEL F. McGUIRE, ESQ

Cc: Marianne Brown

# McGUIRE LAW

**Michael F. McGuire, Esq.**
(845) 295-1234
INFO@MCGUIRELAW.ORG


June 10, 2026

Hon. Philip M. Halpern, USDJ
United States District Court SDNY
Hon. Charles L. Brieant Jr. Federal
Building and Courthouse
300 Quarropas Street
White Plains, NY 10601

**Re: Carnes v. Town of Rockland, et al.**
**7:26-cv-01619-PMH (SDNY)**

Dear Judge Halpern:

This office represents defendants Daniel Sferrazza and Trout Town Properties 48 LLC named in the Second Amended Complaint. This letter is written on behalf of these defendants pursuant to your Honor's Individual Practice Rules 4(C)(iii) and 2C. It is written to outline defendants' basis for filing a pre-answer motion to dismiss pursuant to FRCP 12(b)(1) Lack of Subject Matter Jurisdiction and FRCP 12(b)(6) Failure to State a Claim.

The parties exchanged letters pursuant to your Individual Practice Rules 4(C)(ii) but were unable to resolve the issue.

Plaintiff alleges in his Second Amended Complaint (Dkt #29) that the defendant Trout Town Properties 48 LLC, whose sole member is defendant Daniel Sferrazza, is the owner of the building located at 48 Stewart Avenue in Roscoe, New York. (Dkt 29, ¶35)


31 S. MAIN ST, SUITE 1 • PO BOX 945 • LIBERTY, NY 12754

Plaintiff alleges he entered into a written agreement to paint a mural artwork on the exterior wall of the building not with the building owner but with the tenant of the premises. (Dkt 29, ⁋33)

Plaintiff alleged the defendants Sferrazza and Trout Town Properties destroyed the Mural by causing it to be painted over. (Dkt 29, ⁋236)

At the time the Mural was painted over, only the words "to unperson" had been painted on the side of the building. (Dkt 29, ⁋67 Fig. 1; ⁋123)

Plaintiff is alleging the Mural is a work of visual art within the meaning of 17 USC §101 and 106A (Dkt 29, ⁋231) and he alleges by the painting over the words "to unperson", these defendants violated Plaintiff's rights under the Visual Artists Rights Act 17 USC §106A (VARA). (Dkt 29, ⁋238)

Plaintiff seeks a declaratory judgment against these defendants for causing the destruction of Plaintiff's Mural in violation of the Visual Artists Rights Act 17 USC §106A (Dkt 29, PRAYER FOR RELIEF and damages against these defendants for violation of Plaintiff's rights under Visual Artists Rights Act as well as attorneys fees and costs. (PRAYER FOR RELIEF, ⁋⁋ I & J)

The basis of the motion to dismiss, by these defendants, will be the Second Amended Complaint fails to adequately plead that words "to unperson" is a "work of visual art" that is eligible for protection under VARA and therefore the Second Amended Complaint fails to State a Claim under FRCP 12(b)(6) and as a result the Court lacks Subject Matter Jurisdiction under FRCP 12(b)(1).

Additionally, it will be a further basis of the motion to dismiss that Plaintiff has not adequately alleged the painted over words was a "destruction of a work of recognized stature",

which is a requirement of 17 USC §106 A (a)(3)(B) Because the painting over the words "to unperson" does not constitute "a destruction of a work of recognized stature in violation of VARA, this Court lacks jurisdiction of this matter and the Second Amended Complaint fails to state a valid cause of action.

The party that invokes the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Gershowitz v. Griv, No. 24 Civ 1915 (PAE) 2025 US Dist. LEXIS 147554, 2025 WL 2170773 at *3 (SDNY) July 31, 2025 (quoting Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009)

The words "to unperson" does not constitute a work of Visual Art within the meaning of VARA. (17 USC §106 A (a)(3)(B)) Only the words "to unperson" were removed from the building.

In enacting VARA, Congress expressly and narrowly circumscribed its protections. See 17 USC §106A (citing section 101); 17 USC §101 ("Definitions"); Carter v. Helmsley-Spear, Inc., 71 F.3d 77, 83 (2d Cir. 1995). Crucial here, the statute provides:

A "work of visual art" is –

(1) a painting, drawing, print or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author, or, in the case of a sculpture, in multiple cast, carved or fabricated sculptures of 200 or fewer that are consecutively numbered by the author and bear the signature or other identifying mark of the author; or

(2) a still photographic image produced for exhibition purposes only……

17 USC §101 (emphases added). The statute further provides that the definition of a work of visual art does not include "any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture, or other audiovisual work, book, magazine, newspaper, periodical,

data base, electronic information service, electronic publication or similar publication" or "any work not subject to copyright protection," among excluded categories. *Id.*

The words "to unperson" does not fall within the definition and not being a work of visual art, does not qualify for protection under VARA.

Additionally, the plain text of the VARA statute strictly forecloses expansive interpretations of the term "work of visual art" within the meaning of VARA. See, *id.* United States of Gayle, 342 F.3d 89, 92 (2d Cir. 2003)

By using the word "is" rather than includes, in the definition, Congress confirmed a "work of visual art", under VARA, to the limited categories of traditional visual media expressly identified in the statute 17 USC §101. The words "to unperson" do not qualify as a work of visual art.

To prevail on his VARA claim, Plaintiff also must prove that the words "to unperson" is a "work of recognized stature". 17 USC §106 A(a)(3)(B); Carter v. Helmsley-Spear Inc., 861 F.Supp. 303, 325 (SDNY 1994) aff'd in part, rev'd in part and vacated on other grounds. 71 F.3d 77 (2d Cir. 1995)

"Works of recognized stature", within the meaning of VARA, are those words of artistic merit that have been "recognized" by members of the artistic community and/or general public. Carter, supra 861 F.Supp. at 325. To achieve VARA protection, an artist must show not only the work's artistic merit but also that it has been recognized in having such merit. (Scott v Dixon, 309 F.Supp.2d 395, 399; 2004 US Dist LEXIS 50210011.

The Second Amended Complaint fails to adequately allege that the words "to unperson" is such a "work of recognized stature" as required by 17 USC §106 A (a)(3)(B) to be subject to VARA.

Since the words "to unperson" are neither a "work of visual art" nor a "work of recognized stature", Plaintiff's Second Amended Complaint must be dismissed.

Respectfully yours,

______________________________

MICHAEL F. McGUIRE, ESQ.